IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILEY SANDERS TRUCK LINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 07-829-WKW |
| | § | |
| TRIMAC TRANSPORTATION, INC., and CHARLES A. GARCIA, | § | |
| | | TRIAL BY JURY DEMANDED |
| Defendants. | § | |

**ANSWER OF DEFENDANTS TRANSPORTATION SERVICES
(WESTERN), INC. AND CHARLES A. GARCIA,
AND COUNTERCLAIM OF THE DEFENDANT,
TRIMAC TRANSPORTATION SERVICES (WESTERN), INC.**

---

**Answer**

Come now defendants, Trimac Transportation Services (Western), Inc. ("Trimac") and Charles A. Garcia ("Garcia") in the above-referenced case, and for answer to plaintiff's complaint state as follows:

**Statement of the Parties**

1. Admitted.

2. Trimac is a Delaware corporation with its principal place of business in Texas. Trimac operates commercial motor vehicles in Alabama from time to time.

3. Admitted.

**Count 1**

4.	Defendants incorporate by reference their responses to the previous allegations of the plaintiff's complaint.

5.	Denied.

6.	Denied.

## Count 2

7.	Defendants incorporate by reference their responses to the previous allegations of the plaintiff's complaint.

8.	Denied.

9.	Trimac denies that it negligently or wantonly entrusted a motor vehicle to Garcia, or that Garcia negligently or wantonly caused the accident made the basis of the plaintiff's complaint.

10.	Denied.

## Affirmative Defenses

### As a First Separate and Complete Defense

The plaintiff's complaint and each and every cause of action stated therein fails to state a claim upon which relief can be granted.

### As a Second Separate and Complete Defense

These defendants deny that the plaintiff's injuries and damages were the legal proximate result of their acts or omissions.

### As a Third Separate and Complete Defense

These defendants aver that the plaintiff's damages were caused by acts which were beyond the control of these defendants and for which these defendants have no legal responsibility.

2

### As a Fourth Separate and Complete Defense

These defendants aver that the subject accident was caused by the negligence of the operator of plaintiff's vehicle, Eddie J. Day, and the plaintiff's negligently and/or wantonly entrusting said vehicle to Mr. Day.

### As a Fifth Separate and Complete Defense

These Defendants aver that the subject accident and resulting damages were caused by the negligence of the plaintiff by the plaintiff's failure to properly inspect, maintain or repair the commercial motor vehicle being operated by Mr. Day on the date of the accident made the basis of the plaintiff's complaint, and by the negligent hiring and/or training of Mr. Day by the plaintiff.

### As a Sixth Separate and Complete Defense

These defendants reserve their right to assert the plaintiff's failure to join a party under ARCP 19 needed for just adjudication.

### As a Seventh Separate and Complete Defense

These defendants plead as a setoff or bar as to any money or compensation paid to the plaintiff by others.

### As a Eighth Separate and Complete Defense

These defendants aver that part of the plaintiff's claims, such as property damages, are not being prosecuted in the name of the real party in interest pursuant to ARCP 17 and therefore such parties should be added or the plaintiff's claims should be dismissed.

### As an Ninth Separate and Complete Defense

The plaintiff's claims against these defendants are barred or must be reduced because of the acts, omissions, and/or fault of persons or entities other than these defendants for whom these

defendants have no responsibility.

### As a Tenth Separate and Complete Defense

These defendants deny that they were negligent or wanton on the date of the accident made the basis of this lawsuit, that their purported acts or omissions occurred, or that their purported acts or omissions caused or contributed to said accident. In the alternative, and without waiving the foregoing, these defendants plead that the contributory negligence of Wiley Sanders and Mr. Day.

### As an Eleventh Separate and Complete Defense

These defendants claim the benefits and limitations of any statutory cap in Alabama applicable to the plaintiff's claims for damages.

### As a Twelfth Separate and Complete Defense

These Defendants aver the limitations as to punitive damages contained in Ala. Code § 6-11-21, including but not limited to, subsection (a) which limits the claim in this type case to three times the compensatory damages or $500,000, whichever is greater; subsection (b) which limits this type case to $50,000 or 10 percent of the business' net worth, whichever is greater; and, subsection (d) which limits the claim in this type case to three times the compensatory damages or $1,500,000, whichever is greater.

### As a Thirteenth Separate and Complete Defense

These Defendants aver the protections afforded them by Ala. Code § 6-11-21 (e) and Ala. Code § 6-11-27 concerning the acts, omissions or conduct appropriate to warrant the imposition of punitive damages.

### As a Fourteenth Separate and Complete Defense

4

These Defendants plead the negligence and negligence per se of the plaintiffs, Wiley Sanders and Mr. Day, as a result of their failure to abide by the laws and regulations of the State of Alabama, and the United States of America.

### As a Fifteenth Separate and Complete Defense

These Defendants plead the negligence and negligence per se of the plaintiff Wiley Sanders, and Mr. Day as a result of Mr. Day's operation of an unsafe motor vehicle on the date of the accident made the basis of this lawsuit, the speed of Wiley Sanders' vehicle in light of the conditions on the date of the accident made the basis of this lawsuit, the failure of Mr. Day to maintain a proper lookout, and the failure of Mr. Day to act as a reasonably prudent commercial motor vehicle operator on the date of the accident made the basis of this lawsuit.

### As a Sixteenth Separate and Complete Defense

Further answering the plaintiff's complaint, in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, these defendants aver that the plaintiff's claims for punitive damages violate the Fifth and Fourteenth Amendments to the Constitution of the United States on the following grounds:

a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different

alleged acts of wrongdoing which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

c. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

e. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

f. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

g. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, arbitrary, capricious, and fundamentally unfair thus violating the Due Process Clause of the Fifth and Fourteenth Amendments;

  h.  The award of punitive damages in this case would constitute a deprivation of property without due process of law in violation of the Due Process Clause of the Fifth and Fourteenth Amendments; and

  i.  The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

### As a Seventeenth Separate and Complete Defense

Further answering the plaintiff's complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, these defendants aver that the plaintiff's claim for punitive damages violates the equal protection clause of Article I, §§ 1, 6, and 22 of the Alabama Constitution, and the due process clause of Article I, § 6 of the Constitution of Alabama, on the following grounds:

  a.  It is a violation of the due process clause and equal protection clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the Plaintiffs' satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

  b.  The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

  c.  The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, arbitrary, capricious, and fundamentally unfair thus violating the due process clause, Article I, § 6 of the Alabama Constitution;

    d.        The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which violates the due process clause, Article I, § 6 of the Alabama Constitution;

    e.        The award of punitive damages in this case would constitute a deprivation of property without due process of law;

    f.        The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which infringes the due process and equal protection clauses, Article I, §§ 1, 6 and 22 of the Alabama Constitution;

    g.        The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and, thus, violates the equal protection clause, Article I, §§ 1, 6, 22 of the Alabama Constitution;

    h.        The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct which thereby infringes the due process and equal protection clauses, Article I, §§ 1, 6, and 22 of the Alabama Constitution; and

    i.        The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award which thereby violates the due process and equal protection clauses.

### As an Eighteenth Separate and Complete Defense

Further answering the plaintiff's complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, these defendants aver that an award

of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 6 of the Constitution of Alabama.

### As a Nineteenth Separate and Complete Defense

Further answering the plaintiff's complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, these defendants aver the imposition of punitive damages under the circumstances of this case is a violation of the Eighth Amendment to the United States Constitution and Article I, § 15 of the Constitution of Alabama of 1901.

### As a Twentieth Separate and Complete Defense

Further answering the plaintiff's complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, these defendants aver that the plaintiff's claim for punitive damages violates Article I, § 13 of the Alabama Constitution.

### As a Twenty-First Separate and Complete Defense

Further answering the plaintiff's complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, these defendants aver that the plaintiff's demand for punitive damages violate the self-incrimination clause of the Fifth Amendment to the United States Constitution in that the damages claimed are penal in nature while the these Defendants are required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

### As a Twenty-Second Separate and Complete Defense

Further answering the plaintiff's complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, these defendants aver the imposition

9

of punitive damages against these defendants is violative of these defendants' rights under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States because the statute under which punitive damages are assessed, as interpreted by the Supreme Court of Alabama, permits and requires the imposition of punitive damages upon these defendants in an amount based, at least in part, upon the conduct of someone beyond their control.

**As a Twenty-Third Separate and Complete Defense**

Further answering the plaintiff's complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, these defendants aver that punitive damage awards in Alabama are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate state interest.  Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama.

**As a Twenty-Fourth Separate and Complete Defense**

Further answering the plaintiff's complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, these defendants aver that the amount of an award of punitive damages could violate the excessive fines provisions of the Eighth Amendment to the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama.

**As a Twenty-Fifth Separate and Complete Defense**

Further answering the plaintiff's complaint in this cause, and without waiving but expressly insisting upon each defense hereinabove set forth, these defendants aver that punitive

damages are penal in nature yet these defendants in civil actions are not awarded the same procedural safeguards accorded to criminal defendants under the Fourteenth, Fifteenth and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

### As a Twenty-Sixth Separate and Complete Defense

These Defendants claim the benefit of the sudden emergency, last clear chance, and the supervening/intervening cause defenses.

### Counterclaim of Defendant Trimac Transportation Services (Western), Inc.

Comes now Trimac Transportation Services (Western), Inc. ("Trimac"), and alleges as follows:

### Parties

1.      Counterclaim plaintiff Trimac is a Delaware corporation with its principal place of business in Colorado.

2.      Counterclaim defendant Wiley Sanders Truck Lines, Inc. ("Wiley Sanders") is an Alabama corporation with its principal place of business in Troy, Alabama.

### Count I

### Negligence/Wantonness

3.      Trimac realleges the facts set forth in the previous paragraphs as if fully set forth herein.

4.      Trimac was involved in a motor vehicle accident with a commercial vehicle owned

by Wiley Sanders, and being operated by Eddie J. Day, on December 18, 2006.

5.     Day was an employee or agent of Wiley Sanders on December 18, 2006, and was acting within the line and scope of his employment at the time of the accident made the basis of this counterclaim.

6.     Day failed to yield the right of way to Trimac's commercial motor vehicle, failed to keep a proper lookout, generally failed to act as a reasonable commercial motor vehicle operator, and violated Alabama's rules of the road, the Federal Motor Carrier Safety Act and the Federal Motor Carrier Safety Regulations, and said failures caused the motor vehicle accident made the basis of this counterclaim.

7.     Wiley Sanders failed to properly inspect, repair and maintain the commercial motor vehicle being operated by Day, and said failure caused, or combined with the acts or omissions set forth above contributed to, the commercial motor vehicle accident made the basis of this counterclaim.

8.     Wiley Sanders failed to properly hire and train Day, and said failure caused, or combined with the acts or omissions set forth above contributed to, the motor vehicle accident made the basis of this counterclaim.

9.     Trimac suffered property damages, cargo loss and loss of use of its commercial motor vehicle as a result of said motor vehicle accident.

10.    The failures of Wiley Sanders and/or Day referenced above constituted negligence and said negligence was the proximate result of Trimac's damage.

11.    Wiley Sanders and Day owed a duty to Trimac to avoid said collision, and that duty was breached by their acts and omissions.

12. Trimac's allegations stated herein involve the same transaction or occurrence made the basis of Wiley Sanders' complaint against Trimac.

WHEREFORE, Trimac demands a judgment against Wiley Sanders for compensatory damages, interest, costs and all other relief to which it is entitled.

### TRIMAC DEMANDS TRIAL BY JURY AS TO ITS COUNTERCLAIM

ARMBRECHT JACKSON LLP
Post Office Box 290
Mobile, Alabama 36601
Telephone:   (251) 405-1300
Facsimile:    (251) 432-6843


By: _s/ J. Walton Jackson_
       J. WALTON JACKSON (JAC060)
              jwj@ajlaw.com

Attorneys for Defendants, Trimac Transportation Services (Western), Inc. and Charles A. Garcia

### CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filings to the following:

Grady A. Reeves
Matthew M. Baker
CERVERA, RALPH, & REEVES, LLC
914 South Brundidge Street
P.O. Box 325
Troy, Alabama 36081

and by depositing a copy of the same in the U.S. mail, properly addressed and postage prepaid.

_s/ J. Walton Jackson_