IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILEY SANDERS TRUCK LINES, INC., ) ) ) Plaintiff, ) ) v. ) ) TRIMAC TRANSPORTATION, INC., ) and CHARLES A. GARCIA, ) ) Defendants. ) | CASE NO: CV-2:07-cv-829-WKW |

**PLAINTIFF'S ANSWER AND AFFIRMATIVE
DEFENSES TO THE DEFENDANT'S COUNTERCLAIM**

COMES NOW, the Plaintiff, Wiley Sanders Truck Lines, Inc., and answers the Defendant, Trimac Transportation, Inc.'s, Counterclaim as follows:

1. The Plaintiff is without sufficient knowledge to admit or deny paragraph 1.

2. The Plaintiff admits paragraph 2.

3. The Plaintiff incorporates by reference their responses to the previous allegations of the Defendant's Counterclaim.

4. The Plaintiff admits the allegations of paragraph 4.

5. The Plaintiff admits the allegations of paragraph 5.

6. The Plaintiff denies the allegations of paragraph 6.

7. The Plaintiff denies the allegations of paragraph 7.

8. The Plaintiff denies the allegations of paragraph 8.

9. The Plaintiff denies the allegations of paragraph 9.

10. The Plaintiff denies the allegations of paragraph 10.

11. The Plaintiff denies the allegations of paragraph 11.

12. The Plaintiff admits the allegations of paragraph 12.

### PLAINTIFF'S AFFIRMATIVE DEFENSES
### TO THE DEFENDANT'S COUNTERCLAIM

#### FIRST AFFIRMATIVE DEFENSE

The Defendant's Counterclaim fails to state a cause of action upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

The alleged damages about which the Defendant/Counterclaim Plaintiff complaints arose as a result of acts or omissions of others over whom the Plaintiff/Counterclaim Defendant had no control.  If Plaintiff/Counterclaim Defendant was negligent in the manner provided by Defendant/Counterclaim Plaintiff, which is denied, the acts or omissions of others were a superseding and proximate cause of any damages suffered by Defendant/Counterclaim Plaintiff.

#### THIRD AFFIRMATIVE DEFENSE

The Plaintiff avers it is not guilty of the matters and things alleged in Defendants' Counterclaim and demands strict proof thereof.

#### FOURTH AFFIRMATIVE DEFENSE

The Plaintiff/Counterclaim Defendant pleads lack of standing, lack of justiciable controversy, lack of capacity, and ripeness to the extent they may apply.

#### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff/Counterclaim Defendant pleads release, res judicata and collateral estoppel,

to the extent they may apply.

### SIXTH AFFIRMATIVE DEFENSE

The Plaintiff/Counterclaim Defendant denies any basis in fact or law for an award of damages against it.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendant's Counterclaim is barred by the defenses of contributory negligence and/or assumption of the risk.

### EIGHTH AFFIRMATIVE DEFENSE

The Defendant's Counterclaim is barred by the doctrine of estoppel.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff/Counterclaim Defendant claims the defense of the sudden emergency, last clear chance, supervening and/or intervening cause defenses.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiff/Counterclaim Defendant alleges that the subject accident and resulting damages were caused by the negligence of the operator of the Defendant/Counterclaim Plaintiff's vehicle and the negligent entrustment of said vehicle to said operator by the Defendant/Counterclaim Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff/Counterclaim Defendant claims the benefits and limitations of any statutory cap in Alabama applicable to the plaintiff s claims for damages.

### TWELFTH AFFIRMATIVE DEFENSE

The Defendant/Counterclaim Plaintiff's claim for punitive damages are barred to the

extent that they exceed the amount authorized in Ala. Code § 6-11-21, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff/Counterclaim Defendant avers the protection afforded it by Ala. Code § 6-11-21 (e) and Ala. Code § 6-11-27 concerning the acts, omissions or conduct appropriate to warrant the imposition of punitive damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff/Counterclaim Defendant denies it is guilty of conduct for which punitive damages could or should be awarded and denies Defendant/Counterclaim Plaintiff has produced clear and convincing evidence to support sustain an award of punitive damages against the Plaintiff/Counterclaim Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff/Counterclaim Defendant pleads the constitutional limitations set forth in BMW of North Alabama, Inc. v. Gore decided by the United State Supreme Court, as the determination of the amount or proper circumstances for an award of punitive damages. Failure to consider these limitations would deny the Plaintiff/Counterclaim Defendant due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Constitution of Alabama.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiff/Counterclaim Defendant pleads that the Defendant/Counterclaim Plaintiff's claims for punitive damages violate the Fifth and Fourteenth Amendments to the Constitution of the

United States on the following grounds:

 a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

 b. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

 c. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

 d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

 e. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

 f. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

g. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, arbitrary, capricious, and fundamentally unfair thus violating the Due Process Clause of the Fifth and Fourteenth Amendments;

h. The award of punitive damages in this case would constitute a deprivation of property without due process of law in violation of the Due Process Clause of the Fifth and Fourteenth Amendments; and

i. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

SEVENTEENTH AFFIRMATIVE DEFENSE

Awarding punitive damages in this case against the Plaintiff/Counterclaim Defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, and undue and unreasonable burden on interstate commerce.

EIGHTEENTH AFFIRMATIVE DEFENSE

To award punitive damages against the Plaintiff/Counterclaim Defendant in this case would have a chilling effect upon the Defendant's right to open access to the courts of this state, in violation of the United States Constitution and Alabama Constitution, separately and severally.

NINETEENTH AFFIRMATIVE DEFENSE

The Plaintiff/Counterclaim Defendant pleads that the Defendant/Counterclaim Plaintiff's claim for punitive damages violates the equal protection clause of Article I, §§ 1, 6, and 22 of the Alabama Constitution, and the due process clause of Article I, § 6 of the Constitution of Alabama, on the following grounds:

      a.  It is a violation of the due process clause and equal protection clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the Plaintiffs' satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

      b.  The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

      c.  The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, arbitrary, capricious, and fundamentally unfair thus violating the due process clause, Article I, § 6 of the Alabama Constitution;

      d.  The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which violates the due process clause, Article I, § 6 of the Alabama Constitution;

      e.  The award of punitive damages in this case would constitute a deprivation of property without due process of law;

      f.  The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing which infringes the due process and equal protection clauses, Article I, §§ 1, 6 and 22 of the Alabama Constitution;

      g.  The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and, thus, violates the equal protection clause, Article I, §§ 1, 6, 22 of the Alabama Constitution;

      h.  The procedures pursuant to which punitive damages are awarded permit the

imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct which thereby infringes the due process and equal protection clauses, Article I, §§ 1, 6, and 22 of the Alabama Constitution; and

    i.  The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award which thereby violates the due process and equal protection clauses.

### TWENTIETH AFFIRMATIVE DEFENSE

The Plaintiff/Counterclaim Defendant further pleads that an award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 6 of the Constitution of Alabama.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiff/Counterclaim Defendant further pleads the imposition of punitive damages under the circumstances of this case is a violation of the Eighth Amendment to the United States Constitution and Article I, § 15 of the Constitution of Alabama of 1901.

### TWENTY- SECOND AFFIRMATIVE DEFENSE

An award of punitive damages is not available against this Defendant due to Plaintiffs' failure to allege that acts were taken with "malice and/or reckless indifference."

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Plaintiff/Counterclaim Defendant further pleads that the plaintiff's claim for punitive damages violates Article I, § 13 of the Alabama Constitution.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Plaintiff/Counterclaim Defendant further pleads that the Defendant/Counterclaim Plaintiff's demand for punitive damages violate the self-incrimination clause of the Fifth Amendment to the United States Constitution in that the damages claimed are penal in nature while the these Defendants are required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Plaintiff/Counterclaim Defendant further pleads that the Defendant/Counterclaim Plaintiff's demand for the imposition of punitive damages against these defendants is violative of these defendants' rights under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States because the statute under which punitive damages are assessed, as interpreted by the Supreme Court of Alabama, permits and requires the imposition of punitive damages upon these defendants in an amount based, at least in part, upon the conduct of someone beyond their control.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Plaintiff/Counterclaim Defendant further pleads that punitive damage awards in Alabama are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate state interest. Consequently, such awards violate the due process and equal protection provisions of both the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff/Counterclaim Defendant further pleads that the amount of an award of

punitive damages could violate the excessive fines provisions of the Eighth Amendment to the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff/Counterclaim Defendant further pleads that punitive damages are penal in nature yet these defendants in civil actions are not awarded the same procedural safeguards accorded to criminal defendants under the Fourteenth, Fifteenth and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Anything not specifically admitted in Plaintiff/Counterclaim Defendant's Answer and Affirmative Defenses which is not otherwise clear from these responses is denied. Plaintiff/Counterclaim Defendant reserves the right to assert any other affirmative defenses that may become available during the course of discovery on this matter Plaintiff/Counterclaim Defendant reserves any additional and further defenses as may constitute an avoidance, or affirmative defense as may be revealed during discovery or upon receipt of additional information.

WHEREFORE, Plaintiff/Counterclaim Defendant respectfully requests that this Court:

1. Dismiss Defendant's Counterclaim with prejudice.

2. Award Plaintiff its reasonable attorneys' fees, costs, and expenses to the extent permitted by law.

3. Grant Plaintiff such other relief as this Court may deem just and proper.

Respectfully submitted this 27th day of November, 2007.

        s/ Grady A. Reeves
        Grady A. Reeves (REE042)
        Matthew M. Baker (BAK017)
        Attorneys for Plaintiff

OF COUNSEL:
CERVERA, RALPH & REEVES, L.L.C.
914 South Brundidge Street
Troy, Alabama 36081
phone (334) 566-0116
fax (334) 566-4073
troylaw@troycable.net
mbaker@troycable.net

## CERTIFICATE OF SERVICE

    I hereby certify that I have this date electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of same to the following:

        Joseph Walton Jackson
        Armbrecht Jackson LLP
        Post Office Box 290
        Mobile, Alabama 36601
        jwj@ajlaw.com

this the 27th day of November, 2007.

        s/ Grady A. Reeves
        OF COUNSEL